**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JURDUNN GARDNER,

                        Petitioner,

v.                                                                          Case No. 2:15-cv-14262

JEFFREY WOODS,

                        Respondent.
                                    /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL
IN FORMA PAUPERIS**

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Petitioner

Jurdunn Gardner was convicted after a jury trial in the Wayne Circuit Court of armed

robbery, MICH. COMP. LAWS § 750.529, and assault with a dangerous weapon. MICH.

COMP. LAWS § 750.82. Petitioner was sentenced to 12 to 20 years for the robbery

conviction and 1 to 4 years for the assault conviction. The petition raises three claims:

1) the prosecutor committed misconduct during trial, 2) the trial court erred in failing to

instruct the jury regarding the unanimity requirement as to which act constituted armed

robbery, 3) the trial court erroneously failed to consider Petitioner's medical records

during sentencing. The court will deny the petition because Petitioner's claims are

without merit.

**I. BACKGROUND**

Petitioner's convictions stem from allegations that he and his co-defendant,

Angela Siblani, robbed Rodney Simpson at Petitioner's residence in Detroit.

At trial, Simpson testified that he met Siblani, a prostitute, two weeks before the incident. On the date of the robbery, Simpson met Siblani at a gas station. Siblani got into Simpson's truck and quoted a price for oral sex, and the two then drove back to Petitioner and Siblani's apartment.

Petitioner and another man were present at the apartment. Simpson gave Petitioner six dollars to get some beer, and Petitioner and the other man left. Simpson and Siblani then went into her bedroom. A few minutes later, there was a knock on the window, and Petitioner reentered the apartment. Simpson testified that Petitioner pointed a pistol at him and demanded money. Simpson replied that he had no more money, but Siblani told Petitioner that she saw Simpson cash a $100 bill at the gas station. Simpson then gave Petitioner $40.00. Petitioner told Simpson to leave the apartment, struck him in the back of the head with a cane, and broke his truck window with the cane.

Simpson called the police and waited outside in his parked truck. When the police failed to respond, he drove to the local precinct to make a report. Police officers then followed him back to the area, and Simpson identified the apartment where the incident occurred.

Detroit Police Investigator Jeffrey Jones testified that he interviewed both Siblani and Petitioner. Siblani stated that she agreed to perform oral sex on Simpson for $40.00 at the apartment she shared with Petitioner. As she was straddling Simpson, Petitioner saw them and apparently thought they were having intercourse. Petitioner picked up a cane and demanded more money from Simpson for the additional sex act. Simpson

2

gave Petitioner more money but later requested a refund. Petitioner used the cane to smash a window on Simpson's truck.

Jones then interviewed Petitioner. Petitioner stated that after leaving the apartment he saw Siblani straddling Simpson through a window instead of simply performing oral sex. Petitioner returned and demanded more money from Simpson. Simpson replied that he had no more. When Siblani reported that Simpson had more money, Petitioner admitted that he threatened Simpson with a cane to come up with the money. Simpson then gave Petitioner $60.00 and two $10.00 rocks of cocaine hidden in his shoe.

Based on this evidence the jury convicted Petitioner of armed robbery and assault with a dangerous weapon.

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising two claims that are not presented in this action. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *People v. Gardner*, No. 308501, 2014 WL 198719 (Mich. Ct. App. Jan. 16, 2014). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

Petitioner then returned to the trial court and filed a motion for relief from judgment, raising the following claims:

> I. The prosecutor [sic] improper conduct operated to deny defendant appellant Gardner a fair trial pursuant to U.S. Const. Amendment Fourteen.
>
> II. Defendant's Sixth and Fourteenth Amendment rights were violated by the judge not giving a jury instruction as to the elements of not being charged with a gun, but the discussion of a gun being present at the robbery was admitted in the prosecution's case.

3

III. Defendant-appellant's Fourteenth Amendment right to due process
was violated when his medical records were not admitted at the
sentencing phase.

The trial court denied the motion for relief from judgment, finding that Petitioner's claims lacked merit. Dkt. 10-11. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Gardner*, No. 323701 (Mich. Ct. App. Nov. 14, 2014). Petitioner applied for leave to appeal this decision, but the Michigan Supreme Court likewise denied relief under Rule 6.508(D). *People v. Gardner*, 868 N.W.2d 895 (Mich. 2015) (table).

Petitioner then filed the instant action, raising the three claims he presented to the state courts on post-conviction review.

## II. STANDARD

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is bared under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004); see also *Woods v. Etherton,* No. 15-723, 2016 WL 1278478, at *3 (U.S. Apr. 4, 2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude.")

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

### III. DISCUSSION

**A. Prosecutorial Misconduct**

Petitioner first claims that the prosecutor committed misconduct by asserting throughout trial that Petitioner used a gun to rob Simpson though he was not charged with a firearm offense. The trial court rejected the claim on the merits, finding that the

5

statements were not improper despite the fact that Petitioner was not charged with a

firearm offense. Dkt. 10-11, at 1-2.

The controlling Supreme Court decision is *Darden v. Wainwright*, 477 U.S. 168

(1986). Under *Darden*, a prosecutor's improper comments violate a criminal defendant's

constitutional rights if they "'so infect[] the trial with unfairness as to make the resulting

conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)

(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[E]ven if [a]

prosecutor's conduct was undesirable or even universally condemned . . . it does not

constitute a due process violation unless the conduct was so egregious so as to render

the entire trial fundamentally unfair." *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000)

(internal punctuation and citations omitted).

The victim testified that Petitioner threatened him with a handgun if he did not

given him additional money. There was nothing improper about the prosecutor referring

to this testimony during trial. Petitioner cites no authority, and the court is aware of

none, standing for the proposition that a prosecutor must charge a defendant with a

firearm offense if he wishes to assert that the jury should believe a witness's testimony

that he was threatened with a firearm. Accordingly, Petitioner has failed to demonstrate

that the conduct of the prosecutor violated clearly established Supreme Court law.

## B. Jury Instructions

Petitioner next asserts that he is entitled to habeas relief because the trial court

failed to instruct the jury that it must unanimously agree on the factual theory supporting

the armed robbery charge. Petitioner notes that there was testimony that both a gun

and a cane were used in the incident, such that the jury may not have agreed on the

underlying weapon used to support his armed robbery conviction. The trial court

rejected the claim, finding that "the record discloses no instructional error." Dkt. 10-11,

at 2.

In order for habeas relief to be warranted on the basis of incorrect jury

instructions, a petitioner must show more than that the instructions are undesirable,

erroneous or universally condemned. Rather, taken as a whole, they must be so infirm

that they rendered the entire trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62,

72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

There is no federal constitutional right to a unanimous verdict in a state criminal

trial. *See Apodaca v. Oregon*, 406 U.S. 404, 406 (1972) (state criminal conviction by

less than unanimous jury does not violate Sixth Amendment right to trial by jury); see

also *Richardson v. United States*, 536 U.S. 813, 821 (1999) (finding that "this Court has

not held that the Constitution imposes a jury-unanimity requirement in state cases");

*Schad v. Arizona*, 510 U.S. 624, 631 (1991); *Brown v. Louisiana*, 447 U.S. 323, 330-31

(1980). Consequently, a jury unanimity claim arising from a state criminal trial fails to

provide a basis for federal habeas relief.

Moreover, neither state nor federal law guarantee a criminal defendant the right

to jury unanimity on the factual basis or theory for a crime. See *People v. Lynn*, 223

Mich. App. 364, 367 n. 1 (1997); *Richardson*, 526 U.S. at 817 (distinguishing between

elements of a crime, which must be determined unanimously in a federal trial, and the

means by which an element may be accomplished); *Schad*, 510 U.S. at 631-32

(conviction for first-degree murder with instruction that did not require jury to

unanimously agree on one of the alternate theories of premeditated and felony murder

7

did not violate due process); *United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004) (under federal firearm statute, jury need not be instructed that it must unanimously find possession of a particular weapon); *Rogers v. Howes*, 64 F. App'x. 450, 454 (6th Cir. 2003) (citing *Schad* and ruling that a jury is not required to agree upon a theory of guilt); *Brown v. Bergh*, No. 2:11-CV-10571, 2013 WL 2338415, *6 (E.D. Mich. May, 29, 2013) (denying habeas relief on similar claim). Petitioner thus fails to state a claim upon which relief may be granted as to this issue.

## C. Sentencing Information

Petitioner's third and final claim asserts that the trial court erred in failing to consider his medical records before imposing sentence. Petitioner asserts that he has a history of serious mental illnesses that should have factored into the court's sentencing decision. The trial court denied the claim on the grounds that the proffered records would not have changed the sentence it imposed. Dkt. 10-11, at 2.

The trial court's alleged failure to consider mitigating evidence fails to state a federal constitutional claim. Generally, a non-capital sentence that falls within statutory limits (as Petitioner's sentence does) is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (1999). The Supreme Court "has refused to extend the doctrine of individualized sentencing to noncapital cases." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)). Therefore,  the Constitution does not require a sentencing court to consider mitigating circumstances in noncapital cases. *U.S. v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990). Accord *United States v. Walker*, 506 F. App'x 482, 490 (6th Cir. 2012). Petitioner is not entitled to relief

2:15-cv-14262-RHC-EAS   Doc # 12   Filed 01/03/17   Pg 9 of 9   Pg ID 786

based on this claim. As none of Petitioner's claims merit relief, the petition will be denied.

## IV. CERTIFICATE OF APPEALABILITY

In order to appeal the court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).  Here, jurists of reason would not debate the court's analysis with respect to either of Petitioner's claims. The court will therefore deny a certificate of appealability.

## V. CONCLUSION

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.  IT IS FURTHER ORDERED that a certificate of appealability is DECLINED.

                                  s/Robert H. Cleland
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE
Dated:  January 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 3, 2017, by electronic and/or ordinary mail.

                                  s/Shawna C. Burns
                                  Case Manager Generalist
                                  (810) 984-2056

Q:\Cleland\CHD\2254\15-14262.GARDNER.Habeas.bb.wpd